# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LAKISHA WILBURN,**
        **Plaintiff,**

     v.                                                Case No. 15-C-0199

**BUREAU OF MILWAUKEE CHILD WELFARE,**
et al.,
        **Defendants.**

---

## DECISION AND ORDER

       Lakisha Wilburn, proceeding pro se, filed a complaint against various defendants. Although the complaint is not artfully drafted, its allegations make clear that the plaintiff is upset with the manner in which the Bureau of Milwaukee Child Welfare and others are handling an investigation into allegations that she abused her daughter. She contends that the defendants, acting under color of state law, have deprived her of her constitutional rights and are liable for damages under 42 U.S.C. § 1983. Several defendants have appeared and moved to dismiss the complaint on various grounds. The plaintiff has filed several motions of her own, including a motion for the recruitment of counsel.

       An initial question is whether the complaint states viable claims under § 1983 against any of the defendants. The complaint does not contain a complete narrative statement of the facts. Rather, the body of the complaint consists mostly of vague and conclusory allegations. This makes it hard to evaluate whether the complaint states any valid claims. However, there are some concrete factual allegations in the complaint, and from these it appears that the events giving rise to this suit began on April 17, 2014, when

the father of the plaintiff's child informed the Bureau of Milwaukee Child Welfare that he believed that the plaintiff was abusing their child. Amanda Coyle, who seems to be a caseworker employed at the Bureau, began to investigate these allegations. Eventually, Coyle "used her authority with the state to take custody of [the child] placing her in the sole care of her father." Compl. p. 3. It is not clear from the complaint whether Coyle herself physically removed the child from the plaintiff's home or whether, based on information supplied by Coyle, a court ordered that the child be placed in the sole care of her father. However, other allegations in the complaint make clear that court proceedings were commenced. The complaint alleges that Coyle prepared "reports" that included statements "that were out of context and confusing." Id. Presumably, these reports were filed with a court and were used by the court to make custody determinations. The complaint also alleges that "[a] full medical examin[ation]" of the child was conducted without the plaintiff's consent, and that the child was "unreasonably search[ed] for signs of abuse." Id. However, the complaint does not allege that any of the named defendants caused or conducted this examination and search. As far as the complaint reveals, the search could have been conducted pursuant to a court order.

Some of the allegations in the complaint pertain to various individuals associated with "Saint A," which appears to be a private institution that provides child-welfare services. The complaint alleges that "[t]he case was forwarded to Saint A," but it does not allege by whom. Compl. p. 4. Presumably, the case was forwarded to Saint A by the state court. The complaint alleges that Colleen Cherry, a Saint A employee, was required to create a schedule of supervised visits for the plaintiff and her child. The complaint alleges that Cherry canceled some of the visits and submitted reports to the court with which the

plaintiff disagreed. The plaintiff complained about Cherry's conduct to various other defendants.

Finally, the complaint contains allegations against "Aaron Pressie from Sebastian Counseling services." Compl. p. 4. Pressie seems to be a counselor, psychologist, or social worker who made recommendations to the state court about how often the plaintiff could visit her child. At some point, Pressie recommended to the court that the plaintiff's visits be cancelled.

The above allegations do not add up to plausible claims for relief against the named defendants. See Ashcroft v. Iqbal, 556 U.S. 662, 677–79 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554–56 (2007). The plaintiff contends that she has stated claims involving the deprivation of her federal constitutional right to familial relations. She also purports to bring a familial-relations claim, along with claims for unreasonable search and seizure, on behalf of her minor child.[1] Although these are types of claims that sometimes arise out of child-welfare investigations, see, e.g., Doe v. Heck, 327 F.3d 492 (7th Cir. 2003); Brokaw v. Mercer County, 235 F.3d 1000 (7th Cir. 2000), the plaintiff has not alleged enough facts to show that her rights or her child's rights have been violated. The right to familial relations "does not include the right to be free from child abuse investigations." Doe, 327 F.3d at 520. Thus, the mere fact that the defendants participated in an investigation and court proceeding that resulted in the removal of the plaintiff's child from her home and restrictions on how often the plaintiff was able to visit with her child does not suggest that the plaintiff's rights were violated. Moreover, the

---

[1]As I discuss in more detail below, the plaintiff cannot bring an action on behalf of her minor child while proceeding pro se.

3

plaintiff has not alleged facts suggesting that the defendants committed any constitutional violations during the course of these proceedings. Although the complaint suggests that the plaintiff's child may have been searched and/or seized, the facts alleged do not suggest that any search or seizure was unreasonable. To be sure, the plaintiff alleges that Coyle somehow caused the child to be placed in her father's care exclusively, but she does not allege that Coyle forcibly removed the child from the plaintiff's custody or that, if she did, she acted without a court order, probable cause, or exigent circumstances. See Brokaw, 235 F.3d at 1010 ("[i]n the context of removing a child from his home and family, a seizure is reasonable if it is pursuant to a court order, if it is supported by probable cause, or if it is justified by exigent circumstances"). And although the plaintiff alleges in conclusory fashion that the child was subject to an unreasonable search for signs of physical abuse, she does not allege that any of the named defendants performed or caused this search or that the search was not performed pursuant to a court order.

The allegations against the Saint A and Sebastian Counseling defendants likewise fail to state a claim. I am not aware of any legal authority suggesting that the statements and recommendations made by these defendants to the court could have resulted in a violation of the plaintiff's constitutional rights. In any event, even if they could have, the defendants would likely be entitled to absolute immunity. See Millspaugh v. County Dept. of Public Welfare of Wabash County, 937 F.2d 1172, 1176 (7th Cir. 1991) ("social workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision by the court"). Perhaps Cherry could be liable for depriving the plaintiff of her right to familial relations if she, without seeking court approval and without sufficient reason, cancelled a large number of

4

the plaintiff's scheduled visits with her child. But the allegations of the complaint are too vague to support such a claim. The most that can be gleaned from the complaint is that Cherry canceled some visits and then recommended to the court that future visits also be cancelled. This does not give rise to a reasonable inference that Cherry violated the plaintiff's rights.

An additional problem is that the plaintiff has named the Bureau of Milwaukee Child Welfare as a defendant. The Bureau is an agency of the State of Wisconsin[2] and thus is not a "person" within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70–71 (1989); Thomas v. Illinois, 697 F.3d 612, 613–14 (7th Cir. 2012). Therefore, even if the plaintiff had alleged that the Bureau violated her rights (which she has not), the Bureau would have to be dismissed as a defendant.

For the above reasons, the plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).[3] I next consider whether I should grant the plaintiff leave to file an amended complaint. The Seventh Circuit advises district courts to consider giving litigants, especially pro se litigants, a chance to amend a dismissed complaint if it appears that the complaint's deficiencies could be cured. See Arnett v. Webster, 658 F.3d 742, 756 (7th Cir. 2011). Here, I think it is

---

[2]See http://dcf.wisconsin.gov/bmcw/progserv/aboutbmcw/index.htm

[3]I note that some of the defendants have not yet appeared in the case and filed motions to dismiss the claims against them under Rule 12(b)(6). However, the plaintiff is proceeding in forma pauperis, and the statute that allows a court to grant litigants leave to proceed in forma pauperis states that the court must dismiss a case if it determines that the plaintiff has failed to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Here, I conclude that the plaintiff has failed to state claims against the non-moving defendants, and therefore § 1915(e)(2)(B)(ii) requires that I dismiss the complaint without waiting for a motion from those defendants.

5

Case 2:15-cv-00199-LA   Filed 09/11/15   Page 5 of 7   Document 53

highly unlikely that the plaintiff could cure the complaint's deficiencies. The plaintiff's grievance appears to be based on her perception that she has not been treated fairly during the state's investigation into the allegations of abuse. Yet nothing in her complaint indicates that the defendants' conduct has resulted in the deprivation of her rights or her child's rights. It thus appears that granting the plaintiff leave to amend would serve no purpose but to invite frivolous litigation. For the same reason, the plaintiff's motion for recruitment of counsel will be denied.

A remaining issue is that the plaintiff has attempted to assert claims on behalf of her minor child. To maintain a suit in a federal court, a child or mental incompetent must be represented by a competent adult, ordinarily a parent or relative. See Fed. R. Civ. P. 17(c); Johnson v. Collins, 5 F. App'x 479, 485 (7th Cir. 2001). Although the plaintiff may represent her child for purposes of Rule 17(c), she may not do so without counsel. Johnson, 5 F. App'x at 485. Therefore, the claims asserted by the plaintiff on behalf of her child will be dismissed without prejudice. Id. I will also dismiss the plaintiff's own claims without prejudice, rather than with prejudice, to make clear that the plaintiff is not precluded from bringing federal claims in the future should the defendants' actions in the underlying child-welfare case ultimately ripen into a deprivation of the plaintiff's right to familial relations (or another federal right).

Accordingly, **IT IS ORDERED** that the plaintiff's complaint and this action are **DISMISSED WITHOUT PREJUDICE**. The defendants' motions to dismiss (ECF Nos. 20, 23 & 51) are **GRANTED**.

6

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motions for default judgment (ECF Nos. 29 & 39), motion to dismiss (ECF No. 32), and motion to strike (ECF No. 42) are **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for an extension of time (ECF No. 33) is **GRANTED**. The brief filed by the plaintiff on June 11, 2015 shall be considered timely.

**FINALLY, IT IS ORDERED** that the Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin this 11th day of September, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge